# UNITED STATES BANKRUPTCY COURT

### District of Utah - Central

In re:

_Jason Guanajuato_  (xxx-xx-_6390_ )          Case No. _____
and
_Shawna Guanajuato_   (xxx-xx-_9845_ )        Chapter 13

Debtor(s)

### CHAPTER 13 PLAN AND
### MOTION TO VALUE COLLATERAL AND TO AVOID LIENS UNDER 11 USC § 506
[ **X** ]Original          [___] Amended Date _____

***YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully and discuss them with your attorney. If you disagree with any provision of this plan or any motion made below, you must file with the bankruptcy court a timely written objection. Unless a written objection is filed before the deadline stated in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines, the court may grant the motion(s) and confirm the plan without further notice or hearing.***

***VALUATION OF SECURED CLAIMS AND DETERMINATION OF INTEREST RATE. With respect to secured claims listed in paragraphs 3.A and 3.B, the value of such creditor's collateral shall be that set forth in the Value column of paragraph 3.A and the Proposed Secured Claim Amount in paragraph 3.B, unless an objection to confirmation of this plan is timely filed. The filing of a proof of claim asserting a different value will not be deemed to constitute an objection. If the columns for Value or the Proposed Secured Claim Amount are left blank, the allowed secured claim amount shall be determined using the applicable provisions of the Bankruptcy Code and Bankruptcy Rules (hereinafter the "Claim Allowance Process"). The interest rate to be paid on any secured claim shall be that set forth in the plan unless an objection is timely filed.***

***ALLOWANCE OF OTHER CLAIMS. The amount of all other allowed claims to be paid through the Plan shall be determined pursuant to the Claims Allowance Process, unless a timely objection to the plan is filed. However, creditors must timely file a proof of claim before the Trustee will disburse on any allowed claim under the confirmed plan.***

## 1. <u>PAYMENT AND LENGTH OF PLAN</u>
A.       Debtor[s] shall pay <u>$ 465.00</u> per month to the Chapter 13 trustee starting on the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341 and continuing thereafter on the 25th day of each following month for approximately <u>60</u> months.
B.       Other payments to Trustee: __None_____.
C.       Check applicable length:
(i) _____The number of months necessary to pay required distributions under paragraphs set forth below in this Plan, estimated at _____ months;
(ii)__X__ Not less than 36 months to be extended as necessary to pay required distributions under paragraphs 2 - 7below; or
(iii)____ 60 months. Cause exists to extend the length of the plan beyond three years.

## 2. <u>TRUSTEES PERCENTAGE FEE</u>.  Prior to or at the time of disbursements under this plan, the trustee may collect the percentage fee allowed under 28 U.S.C. § 586(e)

## 3. SECURED CLAIMS PAID BY THE TRUSTEE

**A. MOTIONS TO VALUE COLLATERAL AND TO VOID LIENS UNDER 11 U.S.C. § 506**

Debtor moves to value the collateral of creditors as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor listed below as having collateral with "NO VALUE."

| Creditor | Collateral | Value | Scheduled Debt | Interest Rate | Monthly Payment #1 | Monthly Payment #2 | Payment 2 Start Date |
|---|---|---|---|---|---|---|---|
| Prestige Financial | 2006 Toyota | $11,750.00 | $13,204.00 | 7.00% | $117.50 | $261.19 | 10th |
| Utah Dept. of Workforce Services | Personal Property | $1,346.00 | $1,316.00 | 0.00% | $15.00 | $24.22 | 10th |
|  |  |  |  |  |  |  |  |

**B. SECURED CLAIMS NOT SUBJECT TO 11 U.S.C. § 506**. Pursuant to 22 U.S.C. § 1325 (a), the claims listed below are not subject to 11 U.S.C.§ 506 and shall be paid in the amount of the Proposed Secured Claim Amount specified below, in accordance with the terms set forth below:

| Creditor | Collateral | Proposed Secured Claim Amount (if less than claim) | Scheduled Claim | Interest Rate | Monthly Payment #1 | Monthly Payment #2 | Payment 2 Start Date |
|---|---|---|---|---|---|---|---|
| Les Schwab Tires | 2 Tires | $165.00 | $165.00 | 7.00% | $15.00 | $0.82 | 10th |
|  |  |  |  |  |  |  |  |

**This plan provides for step payments to secured creditors as set forth above. Monthly Payment #1 will be the initial monthly payment and will start at the beginning of the case. Monthly Payment #2 will be the step payment and will start at the designated start date.**

If the above column for the proposed secured claim amount is left blank, the secured claim amount to be paid shall be the entire amount of the allowed secured claim. The portion of any allowed claim that exceeds the secured claim amount specified above shall be treated as an unsecured claim. **The debtor proposes that the affected creditors accept the treatment specified above. FAILURE OF A CREDITOR TO TIMELY FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF BOTH THE PLAN AND THE TREATMENT OF ITS CLAIM AS SET FORTH THEREIN**.

**C. ADEQUATE PROTECTION.** Pursuant to Standing Order No. 2 and Amended LBR 2083-1(b), the trustee is authorized to commence before confirmation of the plan making adequate protection payments in the monthly payment amount specified in paragraph 3A and 3B above to any creditor listed above who has filed a proof of claim. The Trustee is permitted to collect a percentage fee on such funds. If such funds are not disbursed prior to the dismissal or conversion of the case, the trustee may disburse such adequate protection payments following dismissal or conversion. If the plan provides that the debtor shall make payments directly to a secured creditor, the debtor shall make adequate protection payments on such claim as provided in 11 U.S.C. § 1326(a)(C). Unless otherwise provided in the plan, any pre-confirmation lease payments shall be made directly by the debtor and not by the trustee.

**D. ADMINISTRATIVE PROVISIONS REGARDING SECURED CLAIMS.** Notwithstanding any contrary interest rate stated in the proof of claim, the Trustee shall pay interest on such claims at the rate specified above, and if no interest rate is so specified, the interest rate shall be 7%. The Trustee shall pay interest

from the effective date of the confirmation order and unless otherwise specified in paragraph 10(d) below, no interest will accrue from the petition date to the confirmation date.  To the extent there are not sufficient funds available after the payment of amounts entitled to payment under a higher order of distribution to make the full monthly payments set forth in this plan, then the Trustee shall make a pro-rata distribution, based on the monthly payment amounts, of available funds on all claims specified in paragraphs 3.A, 3.B and any regular monthly payment made under paragraph 7.(a).

**4.  DEBTOR ATTORNEY FEES.**  Subject to any further fee applications, the plan requests allowance of attorney fees in the amount of $2,750.00; of which $__2429.00 remains unpaid.  Unless otherwise specified in paragraphs 10(c) or 10(d) below, allowed fees shall be paid by the Trustee from funds available after the distribution provided in paragraphs 3.A - 3.C above and before disbursement to any other claim of claims.

**5.  PRIORITY CLAIMS.**  Subject to the provision of the payment of debtor attorney fees set forth above, allowed claims entitled to priority under 11 U.S.C.§ 507(a), including allowed administrative expense claims and domestic support obligations, will be paid in full in the order of priority set forth in section 507(a), unless otherwise specified in paragraphs 10(c) or 10(d) below.  The estimated total amount of such priority claims are $__0.00 (IRS) and $__0.00 (USTC).

**6.  NON-PRIORITY UNSECURED CLAIMS.**
**(a) Not Separately Classified**.  Allowed non-priority unsecured claims shall be paid:
    (___) Not less than $_____to be distributed pro rata.
    ( X ) Not less than_10%___.
    (___) Pro rata distribution from any funds remaining.

**(b) Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| None | | | |
| | | | |

**7.  CURING DEFAULT AND MAINTAINING PAYMENTS.**
(a) The Trustee shall pay allowed claims for arrearages, and the <u>Trustee</u> shall pay regular post-petition monthly payments to these creditors:

| Creditor | Collateral | Estimated Arrearage | Interest Rate (Arrearage) | Monthly Arrearage Payment | Monthly Arrearage Payment Starts | Regular Monthly Payment |
|---|---|---|---|---|---|---|
| None | | | | | | |
| | | | | | | |

(b) The Trustee shall pay allowed claims for arrearages, and the <u>debtor</u> shall pay regular post-petition monthly payments directly to these creditors:

| Creditor | Collateral | Estimated Arrearage | Interest Rate (Arrearage) | Arrearage Payment | Monthly Arrearage Payment Starts | Regular Monthly Payment |
|---|---|---|---|---|---|---|
| BB&T Mortgage | House @ 1349 Sir Philip Drive | $0.00 | 0% | $0.00 | | $1,135.00 |
| | | | | | | |

**8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

All executory contracts and unexpired leases are rejected, except the following are assumed:

| Creditor | Property Description | Treatment of Debtor |
|---|---|---|
| T-Mobile USA | Cell Phone Contract | ASSUMED |
|  |  |  |

**9. COLLATERAL SURRENDERED AND RELIEF FROM THE AUTOMATIC STAY.**

The debtor surrenders the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay is lifted as to the collateral, which will, among other rights, permit the secured creditor to exercise its set off rights with respect to the surrendered collateral.

| Creditor | Collateral to be Surrendered |
|---|---|
| None |  |
|  |  |

The Trustee shall make no distribution on any secured claim related to the surrendered collateral. The allowed amount of any unsecured deficiency claim will be any unsecured amount stated in the claim or any amendment thereto, provided, however, if a creditor fails to file any required amended claim for an unsecured deficiency within 180 days after the petition date, the claim will be deemed paid in full, and the Trustee will not make any distributions to such creditor. Any allowed unsecured claim will be paid pursuant to paragraph 6 of this plan.

**10. OTHER PLAN PROVISIONS AND MOTIONS.**

**(a) Lien Retention.** Allowed secured claim holders retain liens until the earlier of the payment of the underlying debt determined under applicable non-bankruptcy law or the entry of discharge under 11 USC § 1328.

**(b) Payment Notices.** Creditors and lessors provided for above in sections 7 or 8 may continue to mail customary notices or coupons to the debtor or Trustee notwithstanding the automatic stay.

**(c) Order of distribution.** (Check appropriate option)

If no monthly payment is specified, payments will be paid pro rata within the designated distribution level and payments to claims in a particular distribution level will be paid in full before distribution to claims in a lower distribution level. If monthly payments are specified, such monthly payments must be current, but such claim need not be paid in full, before distribution to a Class specified in a lower distribution level.

(**X**) (1) Trustee's Percentage Fee under paragraph 2; (2) Secured Creditor Payments specified in Paragraph 3 and any regular post-petition monthly payments required to be made by the Trustee under paragraph 7(a); (3) Attorney fees under paragraph 4; (4) Claims entitled to priority under 11 U.S.C. § 507(a)(1); (5) Arrearage payments under paragraph 7; (6) Remaining priority claims specified under paragraph 5; (7) Non-priority unsecured claims specified under paragraph 6; (8) Other distributions required by the plan;

or

(_) In lieu of the distribution order specified above, the Trustee shall pay allowed claims in the following order:

(1) Trustee's percentage fee under paragraph 2;

(2) Secured Creditor Payments specified in Paragraph 3 and regular arrearage payments under paragraph 7(b), to the extent such Secured Creditor Payments are set forth in Monthly Payment Amounts;

(3) The balance of the payment shall pay Attorney fees under paragraph 4, until such fees are paid in full;

(4) Upon payment of secured claims under paragraph 3 and arrearage payments under paragraph 7 Claims, the balance of the payment shall pay claims entitled to priority under 11 U.S.C. §507(a)(1);

(5) Upon payment in full of claims entitled to priority under 11 U.S.C. §507(a)(1), the balance of the payment shall pay remaining priority claims specified under paragraph 5;

(6) Upon payment in full of remaining priority claims specified claims specified under paragraph 5, the balance of the payment shall pay non-priority unsecured claims specified under paragraph 6.


**(d) Other Plan Provisions:**

**(1)   Any order confirming this plan shall constitute a binding determination that the debtor has timely filed all of the information required under 11 U.S.C. § 521(a)(1).**

**(2) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 7, with interest at the rate as set forth in the proof of claim or at 7% per annum if no interest rate is specified in the proof of claim.  Interest will run from [X] (a) the petition filing date; or [  ] (b) the confirmation date.**

**(3) Estimated taxes: Actual amount to be paid per creditor's proof of claim as filed with the court.**

**(4) To the extent a secured creditor asserts a collateral value in its Proof of Claim that is lower than the value asserted in the debtor's Plan, or in the event that a secured creditor files a fully unsecured Proof of Claim, the claim shall be paid per the Proof of Claim.**

**(5) Mortgage arrears are estimated - actual amount to be paid per the Proof of Claim.**

**(6) The IRS and USTC are not entitled to adequate protection payments.**

**(7) Unless otherwise ordered by the Court, the Debtor(s) shall pay into the plan all tax refunds in excess of $1,000 per year to which the Debtor(s) becomes entitled or actually receives during the three-year period starting with the first scheduled meeting of creditors under §341.  The Debtor(s) shall not be obligated to pay over tax refunds that have been properly offset by a taxing authority.  The payment of tax refunds into the plan may shorten the plan term but to not less than thirty-six (36) monthly payments, unless it is a 100% plan.  Pursuant to procedures established by the Chapter 13 Trustee, the Debtor(s) will annually provide the Trustee with copies of Debtor(s)' state and federal tax returns during this three-year period.**

**(8) Adequate protection payments shall be paid to creditors entitled to adequate protection for _____ten_____ (_10_) months with the first month's payment being paid at the 341 hearing and shall be the only payment, if any, made to Class 3A and 3B creditors during this time.  After this period, the equal monthly payment to Class 3A and 3B creditors shall increase to the amount designated as the monthly payment in paragraphs 3A and 3B.**

**(9) Any student loans are to be paid with the other unsecured creditors.  The balance due at the end of the Plan shall not be discharged.**


_/s/ Jason Guanajuato_____          _/s/ Shawna Guanajuato_____
Jason Guanajuato                        Shawna Guanajuato


_/s/ Jaren K. Rencher_____
John T. Evans #1018
Jaren K. Rencher #8118